UNITED STATES DISTRICT COURT FILED
DISTRICT OF MASSACHUSETTS CLERKS OFFICE

2004 JAN 15 P 12: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

SCOTT M. EPSTEIN, )
)
Plaintiff, )
)
) Civil Action No.: 03 CV 12297 (RWZ)
)
C.R.BARD, INC., )
FUTUREMED INTERVENTIONAL, INC., )
and CROSSBOW VENTURES, INC. )
)
Defendants. )

**PLAINTIFF'S ASSENTED-TO MOTION PURSUANT TO LOCAL RULES 7.1(a)(1) AND 7.1(a)(2) FOR A 30 DAY EXTENSION OF TIME UNTIL AND INCLUDING FEBRUARY 18, 2004 FOR PLAINTIFF TO OPPOSE OR OTHERWISE RESPOND TO THE SEVERAL DEFENDANTS' MOTIONS TO DISMISS AND TO RESPOND TO DEFENDANTS' MEMORANDUMS OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS**

Plaintiff with the assent of the Defendants in the above-captioned matter, respectfully moves this Honorable Court pursuant to L.R. 7.1(a)(1) and L.R. 7.1(a)(2) for a 30 day extension of time until and including February 18, 2004 to oppose or otherwise respond to the several Defendant's Motions to Dismiss and to respond to Defendants' Memorandums of Law in Support of the Motions to Dismiss.

In support of this motion the Plaintiff states as follows:

1. Absent granting the respectfully requested extension, Plaintiff is due to file his opposition or otherwise respond to the several Defendants' Motions to Dismiss and Memorandums of Law by January 19, 2004.

1

2.  Plaintiff filed an original Complaint in the Business Litigation Session of the Suffolk Superior Court in the Commonwealth of Massachusetts ("Suffolk Superior Court") on October 15, 2003, naming C.R. Bard, Inc. ("Bard"), Futuremed Interventional, Inc. ("Futuremed"), and Crossbow Ventures, Inc. ("Crossbow") as Defendants.

3.  Service of Process on the Defendant Bard was made on October 21, 2003 and the Return of Service was received by Plaintiff's Attorney shortly thereafter.

4.  Service of Process on the Defendant Futuremed was made on October 21, 2003 and the Return of Service was received by Plaintiff's Attorney shortly thereafter.

5.  Service of Process on the Defendant Crossbow was made on October 28, 2003 and the Return of Service was received by Plaintiff's Attorney shortly thereafter.

6.  Pursuant to Mass. R. Civ. P. 12(a)(1), the original deadline for Defendant Bard to answer the Complaint was November 10, 2003.

7.  Pursuant to Mass. R. Civ. P. 12(a)(1), the original deadline for Defendant Futuremed to answer the Complaint was November 10, 2003.

8.  Pursuant to Mass. R. Civ. P. 12(a)(1), the original deadline for Defendant Crossbow to answer the Complaint was November 17, 2003.

9.  On November 6, 2003, Defendants Futuremed and Crossbow moved the Suffolk Superior Court for a 30 day extension of time to answer.

10. On November 7, 2003, with the assent of the Plaintiff, Defendant Bard moved the Suffolk Superior Court for a 30 day extension of time to and including December 10, 2003.

11. On November 14, 2003, the Suffolk Superior Court allowed Defendants' Motions for a 30 day extension to answer or otherwise respond.

12. On November 17, 2003, Defendants Bard, Futuremed and Crossbow moved to remove the above referenced matter to the United States District Court by filing a Notice of Removal with the Court.

13. On November 19, 2003, with assent of the Plaintiff, Defendant Bard moved the United States District Court to extend its time to respond to December 10, 2003.

14. On December 29, 2003 Defendant Bard filed its Motion to Dismiss and accompanying Memorandum of Law with the Court.

15. On December 29, 2003, Defendant Futuremed and Crossbow filed its Motion to Dismiss and Memorandum with the Court.

16. On December 29, 2003, Defendant Crossbow filed its Motion to Dismiss and Memorandum with the Court.

17. Since the facts, allegations and requests for relief pertain to all the Defendants and fact and allegations pertaining to the partied are related to one another, Plaintiff needs additional time to receive and review Defendants answers and responses to Plaintiff's Complaint.

18. Plaintiff requires the requested additional time to oppose or otherwise respond to the several Defendants' Motions to Dismiss and Memorandums of Law.

19. This Motion is not being brought for the purposes of delay and Defendants will not be prejudiced if the requested extension is allowed.

20. Counsel for the Plaintiff has conferred with Counsel for the several Defendants and they have assented to this Motion.

21. It is within the discretion of the Court to grant this extension.

Therefore, Plaintiff respectfully requests that this Honorable Court grant this assented-to request for a 30 day extension of time until and including February 18, 2004 in which to allow Plaintiff to Oppose or otherwise respond to the several Defendants' Motions to Dismiss and Memorandums of Law.

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant L.R. 7.1(a)(2), I certify that Counsel for the parties have conferred regarding the Plaintiff's Motion for a 30 Day Extension of Time Until and Including February 18, 2004, for Plaintiff to Oppose or Otherwise Respond to the Several Defendants' Motions to Dismiss and have reached agreement that the Motion for a 30 Day Extension of Time Until and Including February 18, 2004, for the Plaintiff to oppose the Several Defendants' Motions to Dismiss should be allowed.

Respectfully submitted,
Scott Epstein, Plaintiff,
By his Attorney,

Gary E. Lambert, Esq. BBO# 548303
LAMBERT & ASSOCIATES
92 State Street, Suite 200
Boston, MA 02109
617-720-0091

DATED: 1/13/04

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiff's Assented-To Motion to Enlarge Time was mailed on January 13th, 2003, VIA 1st Class Mail Postage Pre-Paid to:

1. Civil Clerk's Office
   John Joseph Moakley U.S. Courthouse
   1 Courthouse Way
   Boston, MA  02210

2. Attorney Andrew Good
   Good & Cormier
   Attorneys-At-Law
   83 Atlantic Avenue
   Boston, MA 02110-3711

3. Attorney Michael Albert
   600 Atlantic Avenue
   Boston, MA 02210

4. Attorney Samuel Levy
   Wuersch and Gering, LLP
   11 Hanover Square 19th Floor
   New York, NY 10005

Gary E. Lambert, Esq.