IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT M. EPSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>C.R. BARD, INC.,<br>FUTUREMED INTERVENTIONAL, INC., and<br>CROSSBOW VENTURES, INC.,<br><br>    Defendants. | Civil Action No. 03-cv-12297 (RWZ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR JUDGMENT FOR DEFENDANTS FUTUREMED AND CROSSBOW**

Defendants Futuremed Interventional, Inc. ("Futuremed") and Crossbow Ventures, Inc. ("Crossbow") have no further involvement in this case. On July 19, 2004 this Court dismissed all claims against both Futuremed and Crossbow. The only remaining Counts in this case are contract claims involving defendant C.R. Bard, Inc. ("Bard") and in no way involve defendants Futuremed or Crossbow. Because there are no pending claims against, or even relating to, defendants Futuremed and Crossbow they are entitled to judgment in their favor pursuant to Fed. R. Civ. P. 54(b).

In dismissing all claims against Futuremed and Crossbow the Court found that "The complete absence of facts against Futuremed necessitates the dismissal of all claims against it." July 19 Decision at 8. The Court further held:

> Because FutureMed is not liable CrossBow cannot be held liable as its parent company. Moreover, CrossBow is not the parent of FutureMed – a fact plaintiff does not dispute. Therefore, not only is there no liability, but no grounds for any potential liability to attach.
>
> Id.

In addition to dismissing all claims against Futuremed and Crossbow, the Court also dismissed eight out of the ten Counts against the remaining defendant Bard. Id.

Plaintiff's dispute against Bard is based in an alleged contract that does not involve Futuremed or Crossbow. There is no just reason why this action must hang over the heads of Futuremed and Crossbow until its resolution as between Epstein and Bard. Futuremed and Crossbow should never have been named in this action, are not proper or relevant parties, and have no further claims pending against them. Futuremed and Crossbow should be allowed out of this action. Final judgment in their favor is respectfully requested.

**ARGUMENT**

Fed. R. Civ. P. 54(b), Judgment Upon Multiple Claims or Involving Multiple Parties, states in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, this Court "may enter final judgment with respect to one party to an action when it determines that there is no just reason for delay." National Gypsum Co. v. Continental Brands Corp., 895 F. Supp. 328, 344 (D. Mass. 1995) (internal quotations omitted) (granting final judgment under Rule 54(b) in favor of one defendant when all claims against it were dismissed).

Each of the factors used to guide the Court in issuing judgment under Rule 54(b) favors Futuremed and Crossbow's request. These factors are: (1) the relationship between the dismissed and the remaining claims; (2) the possibility that future developments in the case may moot the need for review; (3) the possibility that the appeals court might be obliged to consider the same issue twice; (4) the presence or absence of a claim or counterclaim which could result

in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, frivolity of competing claims and the like. Id. Each of these factors favor entry of judgment.

As to factor (1), there is no relationship between the remaining contract claims against Bard (alleging breach of contract and breach of the implied covenant of good faith) and the dismissed claims against Futuremed and Crossbow (alleging misappropriation of trade secrets, conversion, unjust enrichment, misrepresentation, negligent misrepresentation, fraudulent concealment and violation of Mass. Gen. Laws ch. 93A). In its action for the remaining claims against Bard, plaintiff alleges that Bard breached an alleged confidentiality agreement between plaintiff and Bard. Neither Futuremed nor Crossbow were parties to this supposed agreement, nor has plaintiff even alleged that they were. The non-contract claims (all of which were dismissed against Bard as well against Futuremed and Crossbow) were each based on alleged wrongful actions other than the alleged contract breach.[1] There is no relationship between the dismissed claims and the pending claims.

As to factors (2) and (3), there is also no likelihood that future developments may moot the need for review or that the appeals court may need to review any issue more than once. The claims against Futuremed and Crossbow were dismissed on grounds independent from any issue still remaining in the two pending claims against Bard. This Court found a "complete absence of facts" alleged against Futuremed and "no grounds for any potential liability" on the part of Crossbow. These determinations will be unaffected by the resolution of the contract claims against Bard (no matter how they are resolved), and any need to address these issues by the appeals court will not involve any duplicative review.

---

[1] The non-contract claims against Bard were dismissed as either time barred, lacking necessary elements, or for being a tolling doctrine and not a cause of action. July 19 Decision at 3-7. All claims were dismissed against Futuremed and Crossbow for "complete absence of facts" and having "no grounds for any potential liability." Id. at 8.

Factor four is irrelevant as there are no counterclaims pending between Futuremed and/or Crossbow and the plaintiff. Indeed, no claims at all remain between those two defendants and the plaintiff.

Finally, any miscellaneous factors such as delay favor granting judgment for Futuremed and Crossbow. As the Court has held, Futuremed and Crossbow do not belong in this case. They should be entitled to a quick and final adjudication of all claims against them. To force them to wait for final judgment until the contract claims between the plaintiff and Bard are resolved would be unjust and in violation of the purpose of Rule 54(b). See National, 895 F. Supp at 344 (granting final judgment as to defendants against whom all claims were dismissed).

## CONCLUSION

Futuremed and Crossbow respectfully request this Court order final judgment in their favor under Rule 54(b). As noted in Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003) a court granting a motion brought under Rule 54(b) must make: 1) an express determination that there is no just reason for delay; 2) an express direction that judgment be entered; and 3) a brief but particularized statement of its reasons for acting in order to demonstrate that the rule was

properly invoked. Accordingly, a draft order to this effect is hereby attached to this memorandum.

                                          Respectfully submitted,

                                          FUTUREMED INTERVENTIONAL, INC., and
                                          CROSSBOW VENTURES, INC.

                                          By their counsel,

Dated: August 12, 2004              /s/ Michael A. Albert_____
                                          Michael A. Albert, BBO # 558566
                                          malbert@wolfgreenfield.com
                                          WOLF, GREENFIELD & SACKS, P.C.
                                          600 Atlantic Avenue
                                          Boston, Massachusetts 02210
                                          617.646.8000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT M. EPSTEIN,<br><br>  Plaintiff,<br><br>v.<br><br>C.R. BARD, INC.,<br>FUTUREMED INTERVENTIONAL, INC., and<br>CROSSBOW VENTURES, INC.,<br><br>  Defendants. | Civil Action No. 03-cv-12297 (RWZ) |

**[PROPOSED] <u>ORDER OF FINAL JUDGMENT</u>**

  Pursuant to Fed. R. Civ. P. 54(b) this Court hereby enters final judgment in favor of defendants Futuremed Interventional, Inc. ("Futuremed") and Crossbow Ventures, Inc. ("Crossbow").

  On October 15, 2003, plaintiff filed a 27-page Complaint against defendants C.R. Bard, Inc. ("Bard"), Futuremed, and Crossbow, for damages on the following legal theories listed by Count: (1) breach of contract (against Bard only), (2) tortious interference with contractual relations (against Bard only), (3) misappropriation of trade secrets, (4) conversion, (5) unjust enrichment, (6) misrepresentation, (7) negligent misrepresentation, (8) fraudulent concealment, (9) breach of the implied covenant of good faith and fair dealing (against Bard only), and (10) violation of Mass. Gen Laws ch. 93A §§ 2 and 11.

  On July 19, 2004 this Court dismissed all claims against both Futuremed and Crossbow. The Court also dismissed Counts Three, Four, Five, and Ten against Bard as time barred, dismissed Counts Two, Six, and Seven against Bard as lacking necessary elements, and dismissed Count Eight as being a tolling doctrine, not a cause of action.

The only remaining Counts in this case are claims for breach of contract and breach of the implied covenant of good faith and fair dealing; both against defendant Bard only. There are no remaining claims against defendant Futuremed or against defendant Crossbow.

This Court finds that there is no just reason for delaying final judgment for defendants Futuremed or Crossbow. Judgment for these defendants offers no danger of piecemeal appeal and is in the interests of justice and in accordance with Rule 54(b).

Judgment under Rule 54(b) is hereby entered for defendants Futuremed and Crossbow.


IT IS SO ORDERED.


Dated: _____, 2004        _____
                                 Hon. Rya W. Zobel
                                 UNITED STATES DISTRICT COURT JUDGE