UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12297-RWZ

SCOTT M. EPSTEIN

v.

C.R. BARD, INC., FUTUREMED INTERVENTIONAL, INC.,
and CROSSBOW VENTURES, INC.

## PLAINTIFF SCOTT M. EPSTEIN'S MEMORANDUM IN SUPPORT OF MR. EPSTEIN'S PARTIALLY ASSENTED TO MOTION FOR A STAY OF ALL FURTHER PROCEEDINGS

Plaintiff Scott M. Epstein ("Mr. Epstein") by and through his undersigned attorneys hereby moves this Court for entry of an Order staying all further proceedings related to the above captioned matter, due to the call to active military duty of Attorney Gary E. Lambert, sole Counsel of record for Attorney Epstein.

## I.    INTRODUCTION

1.    Plaintiff's Counsel, Gary E. Lambert, is a Colonel in the U.S. Marine Corps Reserve. Attorney Lambert has been a member of the U.S. Marine Corps for 25 years. In his 25-year Marine Corps career, Attorney Lambert has only been recalled to active duty two other times.

2.    In June of 2004, Attorney Lambert was called to active duty and informed that he had been selected by the U.S. Marine Corps to be the next Deputy Legal Advisor to the Commander of the 31-nation, U.S.-led, Multi-National Force in Iraq (MNFI). (See Exhibit 1)

3.    At this time, Attorney Lambert anticipates returning from Iraq in February of 2005 and being released from active duty by late February or early March of 2005. (See Exhibit 1)

4.    Attorney Lambert is Mr. Epstein's *sole* counsel of record in the instant action. Mr. Lambert has represented Mr. Epstein in numerous legal matters dating back to 1994.

5.    Throughout the instant action, only Attorney Lambert has appeared at all hearings and conducted all negotiations with Counsel for Defendants.

6.    Therefore, proceeding with the instant action in the absence of Attorney Lambert would obviously unduly prejudice Mr. Epstein since Attorney Lambert is the only person qualified to make legal decisions on behalf of Mr. Epstein.

7.    Defendant C.R. Bard, Inc. ("Bard") has assented to this motion. Defendant Futuremed does not assent to this motion. Defendant Crossbow has been contacted but as of the time of filing of this motion, had not responded. Both Mr. Epstein and Bard understand and agree that when the proceedings start upon the return of Attorney Lambert, both parties assent to Bard's filing another 12(b)(6) motion to dismiss Mr. Epstein's remaining two counts of the original Complaint.

## II.    **ARGUMENT**

8.    A district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

9.    "Even without explicit statutory authority to do so, a court, in its sound discretion, may stay any case pending before it as an exercise of its inherent power to control its own

docket." *Cannavo v. Enterprise Messaging Services, Inc.* 982 F.Supp. 54, 59 (D. Mass. 1997).

10.    "It is well settled that, on request of an appellant, a court should grant a stay of the order subject to appeal if:

(1) there is a likelihood of success on the merits of the appeal;

(2) the moving party will suffer irreparable harm if a stay is not granted;

(3) the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and

(4) the public interest would not be adversely affected by the issuance of the stay." *In re Handel*, 242 B.R. 789, 791 (Bkrtcy.D.Mass.1999).

11.    Addressing prong 1, at present two counts remain on the Complaint. Further Mr. Epstein will likely amend the Complaint to assert additional claims not originally plead. Moreover, Mr. Epstein recently received a report from the FDA that clearly substantiates his assertions regarding the actions of Defendants.  The expertise of Attorney Lambert will be crucial in order to apply these findings to the action at hand.

12.    Further, with respect to prong 2, as shown above, Mr. Epstein will suffer irreparable harm if a stay is not granted as Attorney Lambert is the only person qualified to represent Mr. Epstein in the matters before this Court.

13.    Clearly, if the stay is not granted, the harm to Mr. Epstein is greater than any injury to the opposing party if the stay is granted since a stay in no way harms Defendants as compared with Mr. Epstein's loss of chosen and proper representation and since Mr. Epstein brought the action and is thus the only party that stands to gain anything.

14. Applying the fourth and final prong, the public interest would not be adversely affected by the issuance of the stay. Quite the opposite, Attorney Lambert's service for the United States is vital to ensure the safety of the public.

15. Especially in cases of extraordinary public moment, a party may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted. *Clinton v. Jones*, 520 U.S. 681, 707 (1997).

16. The recall to active duty of Attorney Lambert is clearly a case of extraordinary public moment and promotes the public welfare or convenience, since our nation faces the dangerous reality of war in multiple theatres. Due to the obviously remarkable and exceptional circumstances of Attorney Lambert, it is no stretch to assert that delay of the instant action, for the reasons exemplified above, would not be immoderate in extent and not oppressive in its consequences on Defendants.

17. Although such statutes as the Soldiers and Sailors Civil Relief Act appear to provide no legal precedent for allotment of a stay to a client whose attorney has been called to active service, because of Attorney Lambert's relationship with Mr. Epstein and his status in this action, the same protection should be allotted Mr. Epstein.

18. The other two attorneys presently employed at Lambert and Associates are unable to properly represent Mr. Epstein in this complex matter as both attorneys are junior, both attorneys have had no involvement in this action and only one attorney is admitted to the this Court, receiving this admission earlier this year.

19. Therefore, a stay would serve the interests of Mr. Epstein and the public and would in no way fetter Plaintiffs.

## III.   <u>CONCLUSION</u>

Wherefore, Mr. Epstein requests that this Court enter an Order staying all proceedings, including the scheduling hearing. Further Mr. Epstein requests that this Court preserve Mr. Epstein's right to request leave for amendment of the Complaint and request for reconsideration of the Court's Order on Defendants' Motions to Dismiss. Finally, Mr. Epstein requests that this Court toll any statutes of limitation that may accrue until the return from active duty of Counsel Gary Lambert.

Dated: *August 11, 2004*

Attorneys for Plaintiff Scott M. Epstein

*Patrick D. Archibald*

Patrick D. Archibald, Esq.
BBO # 657,757
LAMBERT & ASSOCIATES
92 State Street
Boston, MA 02109-2004
Tel.: (617) 720-0091
Fax: (617) 227-0313

# EXHIBIT 1

| REQUEST AND AUTHORIZATION FOR TDY TRAVEL OF DOD PERSONNEL<br>(Reference: Joint Travel Regulations (JTR), Chapter 3)<br>(Read Privacy Act Statement on back before completing form.) | 1. DATE OF REQUEST (YYYYMMDD)<br>20040630 |
|---|---|

## REQUEST FOR OFFICIAL TRAVEL

| 2. NAME (Last, First, Middle Initial)<br>LAMBERT, GARY E. | 3. SOCIAL SECURITY NUMBER<br>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 | 4. POSITION TITLE AND GRADE/RATING<br>COL/4402 LNNR MNF-I 4SJA-00-002<br>SECURITY CLEARANCE TOP SECRET/SCI |
|---|---|---|

| 5. LOCATION OF PERMANENT DUTY STATION (PDS)<br>G-1, II MEF, CAMP LEJEUNE, NC | 6. ORGANIZATIONAL ELEMENT<br>II MEF HQGROUP | 7. DUTY PHONE NUMBER<br>(Include Area Code)<br>(910) 451-8137 |
|---|---|---|

| 8. TYPE OF ORDERS<br>INDIVIDUAL TAD | 9. TDY PURPOSE (See JTR, Appendix H)<br>TROOP MOVEMENT IN SUPPORT OF OIF II | 10a. APPROX. NO. OF TDY DAYS<br>(Including travel time)<br>180 | b. PROCEED DATE (YYYYMMDD)<br>20040707 |
|---|---|---|---|

**11. ITINERARY**    [X] VARIATION AUTHORIZED

DEPART FROM CAMP LEJEUNE, NC
STOPPING AT (1) TAMPA, FL (10)
STOPPING AT (2) BAGHDAD, IRAQ (170)
TERMINATE AT CAMP LEJEUNE, NC

MEMORANDUM ENDORSEMENT
... detached from II MEF ... ...
... reported in II MEF ... ...

## 12. TRANSPORTATION MODE

| a. COMMERCIAL | | | | b. GOVERNMENT | | | c. LOCAL TRANSPORTATION | | | PRIVATELY OWNED CONVEYANCE (Check one) |
|---|---|---|---|---|---|---|---|---|---|---|
| RAIL | AIR | BUS | SHIP | AIR | VEHICLE | SHIP | CAR RENTAL | TAXI | OTHER | RATE PER MILE: |
| | X | | | | | | | | | [ ] ADVANTAGEOUS TO THE GOVERNMENT |
| AS DETERMINED BY APPROPRIATE TRANSPORTATION OFFICER (Overseas Travel only) | | | | | | | | | | [ ] MILEAGE REIMBURSEMENT AND PER DIEM IS LIMITED TO CONSTRUCTIVE COST OF COMMON CARRIER TRANSPORTATION AND PER DIEM AS DETERMINED AND TRAVEL TIME AS LIMITED PER JTR |

| 13. | [X] a. PER DIEM AUTHORIZED IN ACCORDANCE WITH JTR. | b. OTHER RATE OF PER DIEM (Specify) |
|---|---|---|

| 14. ESTIMATED COST | | | | 15. ADVANCE AUTHORIZED |
|---|---|---|---|---|
| a. PER DIEM<br>$ 3,157.50 | b. TRAVEL<br>$ 346.20 | c. OTHER<br>$ 340.00 | d. TOTAL<br>$ 3,843.70 | $ 3,052.70 |

**16. REMARKS** (Use this space for special requirements, leave, excess baggage, accommodations, registration fees, etc.)

TRAVEL MEETS CRITERIA OF SECDEF MEMO OF 18JAN82.
THESE ORDERS CONSTITUTE NON-REPORTING ORDERS.
TRAVELER IS NOT A GOVT CHARGE CARD HOLDER. AUTH 80% ADV PER DIEM.
USE OF GOVT QTRS & MESSING NOT DIRECTED AS IT WOULD ADVERSELY
AFFECT THE PERFORMANCE OF MISSION WHILE IN TAMPA, FL.
USE OF GOVT QTRS & MESSING DIRECTED/AVAILABLE AT NO COST WHILE IN BAGHDAD, IRAQ.
MAX LODGING/M&IE AT TAMPA, FL $95.00/43.00.
MAX LODGING/M&IE AT BAGHDAD, IRAQ $100.00/54.00.
AUTH COMPACT SIZE RENTAL CAR WHILE IN TAMPA, FL NOT TO EXCEED $34.00 PER DAY.
AUTH GOVT AIR FROM TAMPA, FL TO BAGHDAD, IRAQ.
TVLR AUTH TO CARRY WEAPONS IAW OPNAVINST 5530.13. WEAPON SERIAL #1257585.
AUTH EXCESS BAGGAGE NOT TO EXCEED _____ POUNDS.
AT/FP LEVEL 1 TRNG PROVIDED TVLR PER MARADMIN 10500Z SEP98.
OFFICIAL LONG DISTANCE PHONE CALLS AUTHORIZED. AUTH PERS PHONE CALLS NOT TO EXCEED $5.00.
FOR ER CARE, GET THE CARE THEN CONTACT YR PCM.
FOR ACUTE CARE, CALL 1-800-213-5453 FOR GUIDANCE.
IF TVL CLAIM NOT SUBMITTED WITHIN (5) DAYS A PAY CHECKAGE OF ADV WILL BE INITIATED DODFMR VOL
9. UPON COMPL RETURN TO YOUR PERM DUTY STATION AND RESUME RGLR DUTIES.

| 17. TRAVEL-REQUESTING OFFICIAL (Title and signature)<br>PRI REQ OFF<br>II MEF HQGROUP | 18. TRAVEL-APPROVING/DIRECTING OFFICIAL (Title and signature)<br>PRI APP OFF<br>II MEF HQGROUP |
|---|---|

## AUTHORIZATION

**19. ACCOUNTING CITATION**

| AA | 1741106.27A0 | 000 | 201330 | 067443 | 2D | OO2533 | M201334O2533 | |
|---|---|---|---|---|---|---|---|---|
| AB | 1741106.27A0 | 000 | 201330 | 067443 | 1K | OO2533 | M201334O2533 | SDN: M2013304TOO2533 |
| | (FY 05 ONLY) | | | | | | | |
| AA | 1751106.27A0 | 000 | 201330 | 067443 | 2D | OO0020 | M201335O0020 | |
| AB | 1751106.27A0 | 000 | 201330 | 067443 | 1K | OO0020 | M201335O0020 | SDN: M2013305TOO0020 |

| 20. AUTHORIZING/ORDER-ISSUING OFFICIAL (Title and signature)<br>A. L. OSTERMANN JR.<br>WO/USMC<br>By direction | 21. DATE ISSUED (YYYYMMDD)<br>20040630 |
|---|---|
| | 22. TRAVEL ORDER NUMBER<br>OO2533/OO0020 |

**DD FORM 1610, JAN 2001**    PREVIOUS EDITION IS OBSOLETE.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all the attorneys of record on August 11, 2004 by First Class Mail, Postage Pre-Paid to:

Attorney Michael Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Attorney Andrew Good
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110

Attorney Samuel Levy
Wuersch & Gering LLP
11 Hanover Square, 19th Floor
New York, NY 10005

Patrick D. Archibald, Esq.