IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

SCOTT M. EPSTEIN,

    Plaintiff,

v.

C.R. BARD, INC.,
FUTUREMED INTERVENTIONAL, INC., and
CROSSBOW VENTURES, INC.,

    Defendants.

Civil Action No. 03-cv-12297 (RWZ)

---

## LIMITED OPPOSITION TO EPSTEIN'S MOTION FOR A STAY

Defendants Futuremed Interventional, Inc. ("Futuremed") and Crossbow Ventures, Inc. ("Crossbow") hereby oppose plaintiff Epstein's Motion For A Stay to the extent it delays entry of judgment for Futuremed and Crossbow and needlessly extends their involvement in this case.

Futuremed and Crossbow have moved for entry of partial final judgment in their favor in view of this Court's July 19, 2004 decision dismissing all claims against them. As the Court noted in the July 19 Decision, Epstein has no cause of action against Futuremed and Crossbow; neither of these defendants belonged in this case in the first place.

As fully detailed in their motion for partial final judgment under Fed. R. Civ. P. 54(b), carving out Futuremed and Crossbow from the remainder of this case is the only fair result for parties which have nothing to do with the underlying dispute between Epstein and Bard. Particularly in view of Epstein's current motion and the deployment of Mr. Lambert, Futuremed and Crossbow are entitled to judgment now, before the Court rules on Epstein's motion to stay. It would be inequitable to force Futuremed and Crossbow to wait until Mr. Lambert returns (whenever that may be) to extricate themselves from this case.

Entering judgment for Futuremed and Crossbow now would in no way give rise to any possible duplicative review on appeal since, as the Court noted in its July 19 Decision, the supposed claims against Futuremed and Crossbow are completely separate from any remaining claims against Bard. Indeed, it is questionable what grounds Epstein would have to appeal the dismissal of claims against Futuremed and Crossbow since those claims were groundless from the start.[1]

Futuremed and Crossbow have been unnecessarily involved in this lawsuit since last year. It was improper for Futuremed and Crossbow to be named initially and it would be unjust to have this suit hanging over their heads for any longer than necessary, particularly since all claims against them have been dismissed.

Accordingly, Futuremed and Crossbow request the Court enter partial final judgment for them prior to ruling on Epstein's motion for a stay. If such judgment is entered, Futuremed and Crossbow have no further interest in the stay and take no position on the stay relative to the case between Epstein and Bard. If the motion is denied, Futuremed and Crossbow join in Bard's partial opposition.

Respectfully submitted,

---

[1] Even if Epstein did decide to appeal, it is unlikely that any substantive action would be necessary prior to Mr. Lambert's return. As noted by counsel for Futuremed and Crossbow during the August 18 scheduling conference, any appeal would likely take several months for the record to be filed with the First Circuit with an additional 40 days prior to any brief being due. Fed. R. App. P. 31(a)(1). If necessary Epstein could obtain any necessary additional time with a motion for extension under Fed. R. App. P. 26(b). These are typically one or two page motions and are typically acted upon by the clerk of the court. Fed. R. App. P. 27(b).

- 3 -

                                      FUTUREMED INTERVENTIONAL, INC., and
                                      CROSSBOW VENTURES, INC.

                                      By their counsel,

Dated: August 25, 2004              /s/ Michael A. Albert_____
                                      Michael A. Albert, BBO # 558566
                                      malbert@wolfgreenfield.com
                                      WOLF, GREENFIELD & SACKS, P.C.
                                      600 Atlantic Avenue
                                      Boston, Massachusetts 02210
                                      617.646.8000