UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT M. EPSTEIN,<br><br>                    Plaintiff,<br><br>     v.<br><br>C.R. BARD, INC., *et al.*,<br><br>                    Defendants. | Civil Action No. 03 CV 12297 (RWZ) |

**BARD'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

On August 11, 2004, Plaintiff Epstein requested a stay of indefinite duration of all proceedings in the above-captioned matter, so that his attorney of choice, Gary Lambert, can litigate Epstein's two remaining claims. Today, August 25, 2004, Bard filed its Answer and a Motion for Judgment on the Pleadings.

Bard assents to a stay of the proceedings for a reasonable time to permit another member of Lambert & Associates to get up to speed on this case before responding to Bard's Motion for Judgment on the Pleadings.[1] With due respect to Attorney Lambert's honorable military service, Bard opposes Epstein's request for a stay of protracted and indefinite duration for these reasons:

**1.    The case is nearly complete**. As this Court remarked during the August 18 scheduling conference, this is now a simple contract case. Pleadings are closed. Bard's Motion for Judgment on the Pleadings makes two straightforward legal arguments: that Epstein's two remaining claims (i) are time-barred and (ii) lack

---

[1] Bard takes no position on Epstein's motion to stay insofar as it pertains to the Rule 54(b) motions filed by Futuremed and Crossbow, now pending before this Court.

necessary elements.  Attorney Lambert fully litigated all factual issues necessary to the statute-of-limitations argument.  The "necessary elements" argument focuses narrowly within the four corners of Epstein's Complaint.

      2.      **Epstein has able replacement counsel**.  Attorney Lambert's associate, Patrick Archibald, represents that he has been admitted to practice in this Court.  The Lambert & Associates website represents that Attorney Archibald has also been admitted to practice in the United States Court of Appeals for the Federal Circuit and the United States Patent and Trademark Office.[2]  That website further reads, "We are Registered Patent Attorneys in Massachusetts and New Hampshire, specializing in patents, trademarks, copyrights, licensing and litigation. Intellectual Property is what we do, it's all that we do, and we're good at it. We have *successfully* litigated patent cases from Florida to Utah and we've received the *highest* rating from Martindale-Hubbell®, based on surveys of other attorneys familiar with our work."[3]  Attorney Archibald capably drafted and filed Epstein's Motion to Stay and a Memorandum in support thereof.  The above suggests that Attorney Archibald is qualified to oppose Bard's Motion for Judgment on the Pleadings on Epstein's behalf.

      3.      **This is Epstein's lawsuit – not Attorney Lambert's**.  The equities weigh against granting Epstein an indefinite stay for the purpose of allowing Attorney Lambert to litigate the leftovers of his lawsuit.  As this Court has already concluded, Epstein sat on his claims for over four years before filing his Complaint.  Epstein sent Bard letters demanding cash and threatening litigation in 1999 and 2000.  Attorney Lambert was

---

[2] *Available at* http://www.lambertpatentlaw.com/parchibald.shtml (accessed August 25, 2004)

[3] *Available at* http://www.lambertpatentlaw.com/about.shtml (accessed August 25, 2004) (emphasis original)

carbon-copied on each of Epstein's letters of January 6, 2000.[4]  Epstein had several years to litigate his lawsuit with Attorney Lambert's assistance.  As detailed in its Motion for Judgment on the Pleadings, Bard is now entitled to judgment as to Epstein's two remaining claims.  It should not be forced to endure a protracted delay of indefinite duration merely because Epstein would prefer that Attorney Lambert – as opposed to another qualified attorney at Lambert's firm – litigate his two remaining claims.

In sum, Bard assents to a stay of reasonable and certain duration for the purpose of permitting an attorney at Lambert & Associates to become familiar with this case.  That is, Bard assents to a reasonable enlargement (pursuant to Local Rule 7.1(b)(2)) of the time within which Epstein must file his opposition to Bard's Motion for Judgment on the Pleadings.  Bard opposes the protracted and indefinite stay Epstein requests.

Bard further opposes Epstein's requests that (i) "this Court preserve Ms. Epstein's right to request leave for amendment of the Complaint and request for reconsideration of the Court's Order on Defendants' Motions to Dismiss" (Memo. at 5) and (ii) "that this Court toll any statutes of limitations that may accrue until the return from active duty of Counsel Gary Lambert." (*Id.*).  Bard will respond to each of these requests in detail if and when they become pertinent.

Respectfully Submitted,
C.R. BARD, INC.

DATED:  August 25, 2004             By its counsel,

/s/ Andrew Good
Andrew Good
BBO # 201240

---

[4] These letters, attached hereto as Exhibits A, B and C, were originally attached to the Memorandum in Support of Bard's Motion to Dismiss eight counts of Epstein's Complaint (as Exhibits B, C and D).

- 4 -

      /s/ Matthew Zisow
Matthew Zisow
BBO # 658726
GOOD & CORMIER
83 Atlantic Avenue
Boston, MA 02110
Tel. (617) 523-5933
Fax (617) 523-7554

Attorneys for C.R. Bard, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served upon each attorney of record on August 25, 2004 by first-class mail.

      /s/ Matthew Zisow
Matthew Zisow

Gary Lambert, Esq.
c/o Patrick Archibald, Esq.
LAMBERT & ASSOCIATES
92 State Street, Suite 200
Boston, MA 02109

Michael Albert, Esq.
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210