UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT M. EPSTEIN,

                Plaintiff,

v.

C.R. BARD, INC., *et al.*,

                Defendants.

Civil Action No. 03 CV 12297 (RWZ)

## **DEFENDANT C.R. BARD, INC.'S ANSWER TO EPSTEIN'S VERIFIED COMPLAINT**

1. Bard denies the allegations contained in Paragraph 1 of Epstein's Complaint.

### **PARTIES**

2. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Epstein's Complaint.

3. Bard admits the allegations contained in Paragraph 3 of Epstein's Complaint.

4. Bard admits that Futuremed has, from time to time, manufactured products for Bard. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Epstein's Complaint.

5. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Epstein's Complaint.

### **JURISDICTION AND VENUE**

6. This case has been removed.

7. This case has been removed.

### **FACTS COMMON TO ALL COUNTS**

8. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Epstein's Complaint.

9. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity

       of the allegations contained in Paragraph 9 of Epstein's Complaint.

10.    Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Epstein's Complaint.

11.    Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Epstein's Complaint.

12.    Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Epstein's Complaint.

13.    Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Epstein's Complaint.

14.    Bard admits that there was never a signed Distribution and Supply Agreement between Bard and Epstein. Bard denies the remaining allegations contained in Paragraph 14 of Epstein's Complaint.

15.    Bard admits the allegations contained in Paragraph 15 of Epstein's Complaint.

16.    Bard admits the allegations contained in Paragraph 16 of Epstein's Complaint.

17.    Bard denies the allegations contained in Paragraph 17 of Epstein's Complaint.

18.    Bard admits the allegations contained in Paragraph 18 of Epstein's Complaint.

19.    Bard denies that Epstein "invented" a product called the Bard Open Tip Ureteral Catheter. Bard denies the remaining allegations contained in Paragraph 19 of Epstein's Complaint.

20.    Bard denies the allegations contained in Paragraph 20 of Epstein's Complaint.

21.    Bard denies the allegations contained in Paragraph 21 of Epstein's Complaint.

22.    Bard admits that from time to time in 1996 it reimbursed Epstein for time and materials related to catheter production. Bard denies the remaining allegations contained in Paragraph 22 of Epstein's Complaint.

23.    Bard admits that it asked Plaintiff to visit its facilities in Covington, Georgia and that Epstein met the individuals listed. Bard denies the remaining allegations contained in Paragraph 23 of Epstein's Complaint.

24.    Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation as to what Mr. Dunn concluded for himself. Bard denies the substance of what Epstein alleges Dunn concluded.

25. Bard is without knowledge and information sufficient to form a belief as to the truth of the allegation as to what Mr. Klymas indicated to Epstein. Bard denies the substance of what Epstein alleges Klymas indicated. Bard admits it agreed, pursuant to a memorandum proposal sent by Epstein to Bard on December 12, 1996, to purchase 50,000 catheters from Epstein over an eighteen-month period. Bard denies the remaining allegations contained in Paragraph 25 of Epstein's Complaint.

26. Bard denies that any of the information Epstein shared with Bard was confidential or trade secret in nature. Bard admits that Epstein supplied Bard some catheters, but denies that Epstein was able to produce catheters of sufficient quality or quantity to meet Bard's specifications and/or requirements. The remaining allegations in Paragraph 26 of Epstein's Complaint constitute conclusions of law to which Bard is not required to plead.

27. Paragraph 27 of Epstein's Complaint contains conclusions of law to which Bard is not required to plead.

28. Bard denies the allegations contained in Paragraph 28 of Epstein's Complaint.

29. Bard denies the allegations contained in Paragraph 29 of Epstein's Complaint.

30. Bard denies that it ever had any connection to a product accurately characterized as "Epstein's Soft Tip catheter." The remaining allegations in Paragraph 30 of Epstein's Complaint constitute conclusions of law to which Bard is not required to plead.

31. Paragraph 31 of Epstein's Complaint contains conclusions of law to which Bard is not required to plead.

32. Bard denies it planned to sell each device Epstein manufactured for $10 to $12. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 of Epstein's Complaint.

33. Bard denies the allegations contained in Paragraph 33 of Epstein's Complaint.

34. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Epstein's Complaint.

35. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of Epstein's Complaint.

36. Bard admits that one more than one occasion, Epstein attempted to sell Bard the rights to his "technology" and/or his entire company. Bard declined each of Epstein's offers. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 36 of Epstein's Complaint.

37. Bard admits it declined each of Epstein's offers to purchase or license what Epstein deemed his "technology," just as Bard declined Epstein's offers for Bard to acquire Epstein's company and/or hire Epstein. Bard denies the remaining allegations contained in Paragraph 37 of Epstein's Complaint.

38. Bard admits that after Epstein proved unable to manufacture product up to Bard's specifications, Bard contracted with another vendor – Futuremed Interventional – to supply Bard's Tigertail® Ureteral Catheter. Bard denies the remaining allegations contained in Paragraph 38 of Epstein's Complaint.

39. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that Xavier Sarabia made the oral statement to Epstein that Epstein alleges he made. Bard denies the substance of the alleged oral statement.

40. Bard admits it has ethical guidance requirements for all employees. Bard denies the remaining allegations contained in Paragraph 40 of Epstein's Complaint.

41. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of Epstein's Complaint.

42. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of Epstein's Complaint.

43. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Epstein's Complaint.

44. Bard denies the allegations contained in Paragraph 44 of Epstein's Complaint.

45. Bard denies the allegations contained in Paragraph 45 of Epstein's Complaint.

46. Bard admits it has not discontinued the Bard Tigertail® Ureteral Catheter, and that it displays this and other products in medical trade shows and conferences from time to time. Bard denies the remaining allegations contained in Paragraph 46 of Epstein's Complaint.

47. Paragraph 47 of Epstein's Complaint contains conclusions of law to which Bard is not required to plead. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 47 of Epstein's Complaint.

48. Paragraph 48 of Epstein's Complaint contains conclusions of law to which Bard is not required to plead.

49. Bard denies the allegations contained in Paragraph 49 of Epstein's Complaint.

50. Bard denies the allegations contained in Paragraph 50 of Epstein's Complaint.

51. Bard admits that Epstein wrote several letters to Bard personnel in which he claimed ownership of intellectual property in the Bard Tigertail ® Ureteral Catheter.

52. Bard denies the allegations contained in Paragraph 52 of Epstein's Complaint.

53. Bard admits that it interviewed Howard Klymas by telephone. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation as to whether Mr. Klymas holds the alleged opinion. Bard denies the substance of that alleged opinion.

54. Bard denies the allegations contained in Paragraph 54 of Epstein's Complaint.

55. Bard denies the allegations contained in Paragraph 55 of Epstein's Complaint.

56. Bard admits that on June 12, 2001, U.S. Patent No. 6,245,030, covering a Flexible, Kink Resistant, Low Friction Guidewire with Formable Tip and the method for making the same was granted to then-Bard employees Tom DuBois, Richard Elton and Gary Teague. Bard denies that this patent was based on any "technology" or trade secret of Epstein's.

57. Bard denies the allegations contained in Paragraph 57 of Epstein's Complaint.

58. Bard denies the allegations contained in Paragraph 58 of Epstein's Complaint.

59. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that Epstein emailed the FDA. Bard denies that it misappropriated any of Epstein's trade secrets. The remainder of Paragraph 59 contains a conclusion of law to which Bard is not required to plead.

60. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of Epstein's Complaint.

61. Bard admits that Plaintiff has come into possession of a Bard Tigertail Ureteral Catheter. Bard provided Plaintiff with the device as an enclosure to a January 10, 2001 letter in which Bard once again maintained its position that Bard has not misappropriated or infringed upon any intellectual property owned by SME nor has Bard breached any obligation it may have had to SME.

62. Bard lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of Epstein's Complaint.

63. Bard denies the allegations contained in Paragraph 63 of Epstein's Complaint.

64. Bard denies the allegations contained in Paragraph 64 of Epstein's Complaint.

## COUNT I
## BREACH OF CONTRACT

65. Bard realleges and incorporates by reference its responses to paragraphs 1 through 64 above.

66. Bard denies that Paragraph 66 accurately describes the nature of the relationship between Epstein and Bard.

67. Bard denies the allegations contained in Paragraph 67 of Epstein's Complaint.

68. Bard denies the allegations contained in Paragraph 68 of Epstein's Complaint.

69. Bard denies the allegations contained in Paragraph 69 of Epstein's Complaint.

70. Bard denies the allegations contained in Paragraph 70 of Epstein's Complaint.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

71. Count II has been dismissed.

72. Count II has been dismissed.

73. Count II has been dismissed.

74. Count II has been dismissed.

75. Count II has been dismissed.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS

76. Count III has been dismissed.

77. Count III has been dismissed.

78. Count III has been dismissed.

79. Count III has been dismissed.

80. Count III has been dismissed.

81. Count III has been dismissed.

82. Count III has been dismissed.

## COUNT IV
## CONVERSION

83. Count IV has been dismissed.

84. Count IV has been dismissed.

85. Count IV has been dismissed.

## COUNT V
## UNJUST ENRICHMENT

86. Count V has been dismissed.

87. Count V has been dismissed.

88. Count V has been dismissed.

## COUNT VI
## MISREPRESENTATION

89. Count VI has been dismissed.

90. Count VI has been dismissed.

91. Count VI has been dismissed.

92. Count VI has been dismissed.

93. Count VI has been dismissed.

94. Count VI has been dismissed.

95. Count VI has been dismissed.

96. Count VI has been dismissed.

97. Count VI has been dismissed.

98. Count VI has been dismissed.

99. Count VI has been dismissed.

## COUNT VII
## NEGLIGENT MISREPRESENTATION

100. Count VII has been dismissed.

101. Count VII has been dismissed.

102. Count VII has been dismissed.

103. Count VII has been dismissed.

104. Count VII has been dismissed.

105. Count VII has been dismissed.

106. Count VII has been dismissed.

107. Count VII has been dismissed.

108. Count VII has been dismissed.

109. Count VII has been dismissed.

## COUNT VIII
## FRAUDULENT CONCEALMENT

110. Count VIII has been dismissed.

111. Count VIII has been dismissed.

112. Count VIII has been dismissed.

113. Count VIII has been dismissed.

114. Count VIII has been dismissed.

115. Count VIII has been dismissed.

116. Count VIII has been dismissed.

117. Count VIII has been dismissed.

118. Count VIII has been dismissed.

119. Count VIII has been dismissed.

120. Count VIII has been dismissed.

## COUNT IX
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

121. Bard realleges and incorporates by reference its responses to paragraphs 1 through 120 above.

122. Bard denies the allegation contained in Paragraph 122 of Epstein's Complaint.

123. Bard denies the allegation contained in Paragraph 123 of Epstein's Complaint.

124. Bard denies the allegations contained in Paragraph 124 of Epstein's Complaint.

125. Bard denies the allegations contained in Paragraph 125 of Epstein's Complaint.

## COUNT X
## VIOLATION OF M.G.L. Ch. 93A § 2 AND § 11

126. Count X has been dismissed.

127. Count X has been dismissed.

128. Count X has been dismissed.

129. Count X has been dismissed.

130. Count X has been dismissed.

## INJUNCTIVE RELIEF

131. Bard realleges and incorporates by reference its responses to paragraphs 1 through 130 above.

132. Bard denies the allegations contained in Paragraph 132 of Epstein's Complaint.

133. Bard denies the allegations contained in Paragraph 133 of Epstein's Complaint.

134. Bard denies that Plaintiff is entitled to the relief requested in paragraph 134.

135. Bard denies that Plaintiff is entitled to the relief requested in paragraph 135.

136. Bard denies that Plaintiff is entitled to the relief requested in paragraph 136.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's two remaining counts fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statute of frauds.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the plaintiff's own breach of contract.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the plaintiff's own breach of the implied covenant of good faith and fair dealing.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff has waived, in whole or in part, his two remaining claims.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred, in whole or in part, by the plaintiff's own improper conduct.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the plaintiff's unreasonable reliance.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to equitable relief because he has not suffered and will not suffer any irreparable harm.

## JURY TRIAL DEMAND

Bard demands trial by jury for all issues so triable.

|  | Respectfully Submitted, |
|---|---|
|  | C.R. BARD, INC. |
| DATED:  August 25, 2004 | By its counsel, |
|  | /s/ Andrew Good |
|  | Andrew Good |
|  | BBO # 201240 |
|  | /s/ Matthew Zisow |
|  | Matthew Zisow |
|  | BBO # 658726 |
|  | GOOD & CORMIER |
|  | 83 Atlantic Avenue |
|  | Boston, MA 02110 |
|  | Tel. (617) 523-5933 |
|  | Fax (617) 523-7554 |
|  | Attorneys for C.R. Bard, Inc. |

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon each attorney of record on August 25, 2004 by first-class mail.

                                             /s/ Matthew Zisow  
                                             Matthew Zisow

Gary Lambert, Esq.  
c/o Patrick Archibald, Esq.  
LAMBERT & ASSOCIATES  
92 State Street, Suite 200  
Boston, MA 02109

Michael Albert, Esq.  
WOLF, GREENFIELD & SACKS, P.C.  
600 Atlantic Avenue  
Boston, MA 02210

G:\CLIENTS\Bard (Epstein Civil)\First Responsive Pleading\Answer\answer.doc