UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12297-RWZ

SCOTT M. EPSTEIN

v.

C.R. BARD, INC., FUTUREMED INTERVENTIONAL, INC.,
and CROSSBOW VENTURES, INC.

## PLAINTIFF SCOTT M. EPSTEIN'S OPPOSITION TO MOTION FOR ENTRY OF FINAL JUDGMENT FOR DEFENDANTS FUTUREMED AND CROSSBOW

Pursuant to Fed. R. Civ. P. 54(b) Defendants Futuremed and Crossbow (hereinafter "Defendants") have moved this Court for entry of an Order of Final Judgment on behalf of Defendants Futuremed and Crossbow. For the reasons specified below, Plaintiff Scott M. Epstein (hereinafter "Mr. Epstein") opposes entry of said order.

## I.  ARGUMENT

In moving this Court to issue an order of final judgment under Fed. R. Civ. P. 54(b), Defendants fail to recognize that this Court dismissed Mr. Epstein's claims without prejudice. Thus, Defendants wholly ignore the fact that Mr. Epstein could move this Court for leave to amend the Complaint. Fed. R. Civ. P. 15(a), Amended and Supplemental Pleadings (a) Amendments, states in part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the

amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a). In light of supplemental information and newly revealed facts to be supplied by Mr. Epstein, Mr. Epstein will be moving this Court for leave to amend the complaint. As stated in Rule 15, "leave shall be freely given when justice so requires." Thus, it is readily comprehensible that this Court could grant Mr. Epstein leave to amend. If so, the expertise of Attorney Lambert will be indispensable regarding strategy determinations surrounding any amendments to the complaint and further motions pertaining to these amendments.

Further Mr. Epstein may also move this Court for reconsideration regarding selected rulings of the Court on Defendants' motions to dismiss. In moving for reconsideration, Attorney Lambert's expertise is crucial to Mr. Epstein's cause and Mr. Epstein will clearly be prejudiced if Mr. Epstein is forced to go forward with the preparation of any motions in the absence of Attorney Lambert.

Further, in placing reliance in Fed. R. Civ. P. 54(b), Defendants state, "[t]hus, this Court may enter final judgment with respect to one party to an action when it determines that there is no just reason for delay." *National Gypsum Co. v. Continental Brands Corp.*, 895 F. Supp. 328, 344 (D. Mass. 1995) (internal quotations omitted). As shown above Mr. Epstein's opportunity to possibly amend the complaint or move for reconsideration qualify as such reason to delay any final determination in the instant action.

The factors used to guide the Court in issuing judgment under Rule 54(b) are as follows: (1) the relationship between the dismissed and the remaining claims; (2) the possibility that future developments in the case may moot the need for review; (3) the possibility that the appeals court might be obliged to consider the same issue twice; (4)

the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, frivolity of competing claims and the like. *Id.*

Under the first factor, the relationship between the dismissed and the remaining claims is a tight knit one as the conduct for the several claims all stems from the same series of transactions. Thus, complete severance of Defendants from this action would not be prudent at this juncture.

Addressing the second factor, as stated above, upon the return of Attorney Lambert, Mr. Epstein wishes to amend the complaint and thus, the possibility that further future developments in the case will dictate the need for Defendants to remain.

Further, in regard to the third factor, the possibility that the appeals court might be obliged to consider the same issue twice is highly likely since Mr. Epstein will likely Appeal and if allowed amend the complaint. Thus the appeal court might be obliged to consider the same issue upon appeal of any ruling surrounding the amended complaint, with the only changes constituting additional factual bases or repositioning of defendants.

As Defendants agree, the fourth factor is irrelevant due to the lack of counterclaims. Addressing the fifth factor, miscellaneous factors such as delay favor Mr. Epstein as during a stay, Defendants will not be forced to further litigate the action until the return of Attorney Lambert. Thus, Defendants will not be have to make any appearances or continue motion practice and thus expend any funds regarding legal fees during the stay period.

Thus, with Mr. Epstein's chosen representative of ten years, Attorney Lambert, unable to amend the complaint or move for reconsideration, Defendants would have this

Court enter an order allowing Defendants to be removed from this action. Attorney Lambert is definitively scheduled to return in February, 2005. Mr. Epstein has requested a stay for the period until the return of Attorney Lambert only and has forwarded evidence of the definite nature of Attorney Lambert's duty period. Thus recognizing the exigency of the circumstances and the onerous position a grant of final judgment will place upon Mr. Epstein, Defendants should not be removed from this action.

## II.   CONCLUSION

For all the above reasons, we respectfully submit that Defendants' Motion for Entry of Final Judgment should be denied.

Dated: *August 26, 2004*                    Attorneys for Plaintiff Scott M. Epstein

*/s/ Patrick D. Archibald/*

Patrick D. Archibald, Esq.
BBO # 657,757
LAMBERT & ASSOCIATES
92 State Street
Boston, MA 02109-2004
Tel.: (617) 720-0091
Fax: (617) 227-0313

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all the attorneys of record on August 26, 2004 by First Class Mail, Postage Pre-Paid to:

Attorney Michael Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Attorney Andrew Good
Good & Cormier
83 Atlantic Avenue
Boston, MA 02210

Attorney Samuel Levy
Wuersch & Gering LLP
11 Hanover Square, 19th Floor
New York, NY 10005


_Patrick D. Archibald_
Patrick D. Archibald, Esq.