IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT M. EPSTEIN,<br><br>      Plaintiff,<br><br>v.<br><br>C.R. BARD, INC.,<br>FUTUREMED INTERVENTIONAL, INC., and<br>CROSSBOW VENTURES, INC.,<br><br>      Defendants. | Civil Action No. 03-cv-12297 (RWZ) |

**REPLY IN SUPPORT OF THE MOTION FOR ENTRY OF FINAL
JUDGMENT FOR DEFENDANTS FUTUREMED AND CROSSBOW**

Defendants Futuremed and Crossbow respectfully request leave to file this brief reply for the limited purpose of correcting a misstatement in Plaintiff Epstein's opposition (Docket #40) to their Motion for Entry of Final Judgment (Docket #29)

Plaintiff's opposition to entry of final judgment under Rule 54(b) is based on the unexplained premise that "this Court dismissed Mr. Epstein's claims without prejudice." (Docket #40 at 1). The premise is incorrect.

Nowhere in the Court's July 19, 2004 Decision (Docket #28) is there any mention of the dismissal of Epstein's complaint against Futuremed and Crossbow being without prejudice.

Both Futuremed and Crossbow made clear in their papers that they sought dismissal under Fed. R. Civ. P. 12(b)(6) because Epstein's complaint failed to state a claim upon which relief can be granted. See Docket #12 at 6 (Futuremed); Docket #14 at 3 (Crossbow). Both motions were granted by the Court in their entirety. See Docket #28 at 8 ("Futuremed's Motion to Dismiss all counts is allowed; and CrossBow's Motion to Dismiss all counts is allowed.").

It is black-letter law that, absent a clear statement to the contrary, a court that grants a motion to dismiss under Rule 12(b)(6) does so ***with prejudice***. E.g., Stern v. General Electric Co., 924 F.2d 472, 477 n.7 (2d Cir. 1991) ("Because the district court did not state that the dismissal was without prejudice, we assume that a dismissal with prejudice was intended."); Carter v. Norfolk Community Hospital Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). This makes perfect sense – it would be unfair to subject defendants to the kind of multiplied proceedings that Epstein hopes to bring here. See Docket #40 at 1-2 ( if permitted to do so, Epstein plans to amend his complaint, and move for reconsideration, after a delay of unknown duration).

Futuremed and Crossbow should never have been in this case to begin with. Their Motion for Entry of Final Judgment should be granted.

Respectfully submitted,

FUTUREMED INTERVENTIONAL, INC. and
CROSSBOW VENTURES, INC.,

By their counsel,

Dated: September 10, 2004

/s/Michael A. Albert
Michael A. Albert, BBO # 558566
malbert@wolfgreenfield.com
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
(617) 646-8000