UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12297-RWZ

SCOTT M. EPSTEIN

v.

C.R. BARD, INC., FUTUREMED INTERVENTIONAL, INC.,
and CROSSBOW VENTURES, INC.

### AFFIDAVIT OF GEORGE MACINNIS IN SUPPORT OF PLAINTIFF SCOTT M. EPSTEIN'S PARTIALLY ASSENTED TO MOTION FOR A STAY OF ALL FURTHER PROCEEDINGS

I, George MacInnis, do hereby swear and say as follows:

1. In early August 2004, I placed a telephone call to Attorney Matthew Zisow of Good and Cormier, counsel for Defendant Bard, informing Attorney Zisow that Attorney Gary Lambert, counsel for Plaintiff Scott M. Epstein, was called to active duty in Iraq.

2. Attorney Zisow graciously offered his well wishes and understanding regarding the disquieting situation faced by Attorney Lambert and Mr. Epstein all involved.

3. Further, Attorney Zisow asserted that although he foresaw Bard's compliance with a stay, Attorney Andrew Good, Lead counsel for Bard, who was currently on vacation, would have to be consulted.

4. Prior to August 18, 2004 and subsequent to consulting with Attorney Good, Attorney Zisow next contacted me and asserted to me that Counsel for Mr.

1

Epstein should not file a motion for stay, but instead should raise the matter of a stay at the August 18, 2004 scheduling conference.

5. At this time, Attorney Lambert was stationed at Camp LeJune in North Carolina, awaiting transport to Iraq.

6. Upon informing Attorney Lambert of Bard's positon, Attorney Lambert relayed through me the instruction for Attorney Patrick Archibald to draft a motion for stay and file the motion prior to the August 18 scheduling conference.

7. In compliance with LR, D. Mass. 7.1(b)(2)(2001) and in honor of our prior discussion, I called Attorney Zisow to inform him of the directive of Attorney Lambert and the consequent action to be taken regarding filing the motion for stay.

8. At no time did I ever state that Mr. Epstein required a stay for a "protracted or indefinite" term. Instead, I discussed that Attorney Lambert was scheduled to return in February of 2005.

9. Subsequently, Attorney Zisow contacted me and stated that Bard would assent to a stay until Attorney Lambert's February return on condition that Mr. Epstein would assent to Bard's filing an additional motion to dismiss on the remaining claims.

10. After conferring with Mr. Epstein, I informed Attorney Zisow that Mr. Epstein assented to Bard's filing an additional motion to dismiss on the remaining claims and thus, Attorney Zisow assented to Mr. Epstein's Stay until the February return of Attorney Lambert.

11. At no time did Attorney Zisow request to view the motion to stay. In fact, when asked if he needed to review it, Attorney Zisow declined. The only statement uttered by Attorney Zisow regarding the actual motion to stay document centered on entry of the statement informing this Court of Mr. Epstein's assent to Bard's filing an additional motion to dismiss on the remaining claims.

12. On August 18, 2004, I accompanied Attorney Patrick D Archibald, in appearing for Mr. Epstein, before this Court to participate in a scheduling conference for the above-entitled matter.

13. Prior to the start of the conference on August 18, 2004, Attorney Matthew Zisow approached Attorney Archibald and myself and introduced himself as counsel for C.R. BARD, Inc. (BARD).

14. During this discussion, Attorney Zisow stated that there was one portion of Plaintiff's Motion for Stay that BARD did not assent to, and that he would mention it to the Court during the scheduling conference.

15. During this discussion, the one, and only, portion of the Plaintiff's Partially Assented to Motion for Stay that Attorney Zisow stated BARD did not assent to was Plaintiff's request that this Court toll any applicable statues of limitation that may run during the period.

16. At no time during this discussion did Attorney Zisow indicate verbally, or otherwise, that BARD objected to any other portions of Plaintiff's Motion for Stay, nor did Attorney Zisow state that BARD wished to withdraw or qualify its assent in any manner other than mentioned in paragraph 15, above.

AFFIANT FURTHER SAYETH NOT.

_____
George S. MacInnis

Sworn to before me in Boston, Massachusetts on this ___17th___ day of September, 2004.

_____
Notary Public

**DENISE M. CARUSO**
Notary Public
My Commission Expires April 17, 2009

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record on September 16, 2004 by First Class Mail, Postage Pre-Paid to:

Attorney Michael Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Attorney Andrew Good
Good & Cormier
83 Atlantic Avenue
Boston, MA 02210

Attorney Samuel Levy
Wuersch & Gering LLP
11 Hanover Square, 19th Floor
New York, NY 10005

_____
Patrick D. Archibald, Esq.