UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT M. EPSTEIN,

                    Plaintiff,

        v.                                          Civil Action No. 03 CV 12297 (RWZ)

C.R. BARD, INC., *et al.*,

                    Defendants.


**MEMORANDUM IN SUPPORT OF BARD'S MOTION FOR JUDGMENT ON THE
<u>PLEADINGS</u>**

Andrew Good, BBO # 201240
Matthew Zisow, BBO # 658726
GOOD & CORMIER
83 Atlantic Avenue
Boston, Massachusetts 02110
(617) 523-5933

COUNSEL FOR DEFENDANT
C.R. BARD, INC.

## PROCEDURAL POSTURE

On October 15, 2003, Plaintiff filed his Complaint in state court against co-defendants C.R. Bard, Inc. ("Bard"), Futuremed Interventional, Inc. ("Futuremed") and CrossBow Ventures, Inc. ("CrossBow"). The Complaint contains ten counts, eight against all defendants and two (Counts One and Nine) against Bard only. The defendants removed the case to this Court, and, in conjunction with Futuremed and CrossBow, moved to dismiss each of the eight common counts. In an order dated July 19, 2004, this Court allowed all motions to dismiss in their entirety ("Memo."). Bard filed its Answer on August 25, 2004. On October 27, 2004, this Court entered an order staying the case until January 31, 2005, to accommodate the plaintiff's attorney's military obligations. On January 31, 2005, the plaintiff notified this Court that Attorney Lambert had been released from active military service, and had resumed the practice of law. Bard now moves for judgment on the pleadings.

## INTRODUCTION

Bard is entitled to judgment on the pleadings because both remaining counts fail to state a claim upon which relief can be granted. Both are time-barred; both lack necessary elements.

Epstein alleges he had with Bard a contract for the sale of goods governed by Article 2 of the U.C.C. In Counts One and Nine, Epstein alleges Bard breached that contract by disclosing his technology to a third party. The limitations period for a UCC sales contract expires four years from the date of the alleged breach. The Complaint and this Court's findings establish that Epstein filed his Complaint over four years after the date of the alleged breach. Moreover, should the Court reach the issue, both counts lack necessary elements. Bard is therefore entitled to judgment on the pleadings.

## ARGUMENT

### I.    Applicable Standards

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A defense of failure to state a claim upon which relief can be granted … may be made … by motion for judgment on the pleadings." Fed. R. Civ. P. 12(h)(2). This is true even where, as here, the moving party has already filed a pre-answer motion to dismiss. *See* Fed. R. Civ. P. 12(g) ("If a party makes a motion under [Rule 12] but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, *except* a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.") (emphasis supplied). *See also Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387-88 (1st Cir. 2001) (noting that under Fed. R. Civ. P. 12(h)(2), a motion to dismiss for failure to state a claim may be raised in a motion for judgment on the pleadings, even if the movant has previously filed a 12(b)(6) motion to dismiss); *Lane v. Ciccarelli*, 1982 U.S. Dist. LEXIS 16670, *2 n.2 (D. Mass. Nov. 7, 1982) (Zobel, J.) ("[D]efendants may at any stage in the proceeding seek dismissal [for, *inter alia*, failure to state a claim.").

"The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Moghaddam v. Dunkin' Donuts Inc.*, 295 F. Supp. 2d 136, 138 (D. Mass. 2003). The defendant is entitled to judgment on the pleadings when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). *See also Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 255 (1st Cir. 1994).

Case 1:03-cv-12297-RWZ    Document 50    Filed 03/17/2005    Page 4 of 9

## II.    Both Remaining Counts are Time-Barred

Counts One and Nine allege Epstein and Bard had a contract for the sale of goods, governed by Article 2 of the U.C.C. (Compl. at ¶ 67) ("Defendants have breached their contract with Epstein violating, among others, U.C.C. Section 1-203[.]")); (Compl. at ¶ 25) ("Epstein and BUD negotiated and reduced to writing a $3.50 per catheter transfer price for a minimum commitment of 50,000 units over eighteen months shipped non-sterile in bulk."); (Compl. at ¶ 54) ("Ureteral Catheters SME supplied to BUD were based on Epstein's technology and there was no agreement other than to supply 50,000 units for an agreed unit cost."); (Epstein Aff. at ¶ 16) ("I contracted with C.R. Bard and BUD to distribute catheters for the benefit and use of Defendant C.R. Bard.").

"An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued …. A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." M.G.L. ch. 106 § 2-725(1) & (2).

Epstein alleges Bard breached its contract by disclosing to a third party without Epstein's permission Epstein's technology (Compl. at ¶¶ 38, 68, 124), thereby violating its U.C.C.-imposed "obligation of good faith" (Compl. at ¶ 67), "depriv[ing] Plaintiff of the fruits of his contracts[,]" (Compl. at ¶ 123) and breaching the covenant of good faith and fair dealing implied in that contract (Compl. at ¶ 124). This alleged breach – Bard disclosing Epstein's technology to Futuremed – was also the pivotal allegation triggering Epstein's now-dismissed tort and 93A claims. (Memo. at 2) ("Plaintiff alleges that BUD … disclosed his technology to [Futuremed].").

This court has concluded that Epstein was "clearly on notice that BUD was improperly using his technology" by October 10, 1999, when Epstein sent the first of his several litigation-threatening letters to Bard. (Memo. at 5). According to the Complaint, the "improper use"

began when Bard allegedly disclosed Epstein's trade secrets to Futuremed.  Under § 2-725, the limitations period governing Counts One and Nine started running on the date of the alleged breach – that is, the date of the alleged disclosure.  This Court has already dismissed Epstein's tort and 93A claims on the ground that Epstein had notice of the alleged disclosure over four years before he filed his Complaint.  (Memo. at 5-6).  The alleged disclosure itself must necessarily have preceded Epstein's *notice* thereof.

It follows from the Complaint and this Court's findings that the alleged breach occurred – and Counts One and Nine accrued – over four years before Epstein filed his Complaint. "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998).  *See also La Rouche v. United Shoe Mach.*, 166 F. Supp. 633, 635 (D. Mass. 1958) (allowing motion for judgment on the pleadings where, *inter alia*, plaintiff's claims were time-barred.).

Bard is entitled to judgment on the pleadings as to Counts One and Nine.

### III.    Both Remaining Counts Lack Necessary Elements

Should it reach the issue, this Court should allow Bard's motion for judgment on the pleadings because Counts One and Nine lack necessary elements.

"Under Massachusetts law, in order to sustain a cause of action for breach of contract, a plaintiff must plead and prove that the parties had an agreement supported by valid consideration; that plaintiff was ready willing and able to perform; and that plaintiff was damaged." *Petricca v. Simpson*, 862 F. Supp. 13, 17 (D. Mass. 1994) (citing *Singarella v. City of Boston*, 342 Mass. 385 (Mass. 1961)).

To state a contract claim upon which relief can be granted, "[i]t is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof.'" *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194-95 (1st Cir. 1996) (quoting *Pollock v. New England Tel. & Tel. Co.*, 289 Mass. 255 (Mass. 1935) (quotation marks in *Pollock*)).  Thus, in *Doyle*, the First Circuit affirmed dismissal of contract claims where the "complaint fail[ed] to state the nature of the alleged contract with any specificity.  There [was] no presentation of the terms of a contract, its duration, or even when it was formed.  Nor d[id] the [complaint] explain what obligations were imposed on each of the parties by the alleged contract." *See also Zereski v. American Postal Workers Union*, 1998 Mass. Super. LEXIS 507, *25-*26 (Mass. Super. Ct. Aug. 14, 1998) (dismissing contract claim where "plaintiff did not allege with specificity the terms of the contract, its duration, when it was entered into, or the obligations on the parties."); *Winsmann v. Choate Health Mgmt.*, 1998 Mass. Super. LEXIS 93, *7-*8 (Mass. Super. Ct. May 29, 1998) (dismissing contract claim where "[t]he complaint does not allege the terms, duration or time of formation of the alleged contract.  Nor does the complaint explain what obligations were imposed on the parties.").

Mere conclusory allegations that a defendant breached a contract fail to state a claim upon which relief can be granted. *See* Memo. at 7; *Doyle* at 195 ("Conclusory statements that 'Hasbro and its executives failed to meet their contractual requirement,' … are insufficient to satisfy the pleading requirements."); *id.* at 194 ("Plaintiffs-appellants are mistaken in their belief that they need no more than to allege that the facts [demonstrate] breach of that contractual relationship.") (quotation marks omitted); *Winsmann* at *6-*7 ("Mere allegations that [the defendant] breached its contractual agreement with the plaintiff,  without more, are insufficient to satisfy even Massachusetts' liberal pleadings rules.").

Bard is entitled to judgment on the pleadings under the reasoning of *Doyle*, *Zereski* and *Winsmann*.  Epstein alleges he had a contract with Bard – as his Complaint states, an "ongoing contractual relationship established by their course of conduct over several years."  (Compl. at ¶ 66).  According the Complaint, this "contractual relationship" included "a $3.50 per catheter transfer price for a minimum commitment [by Bard to purchase from Epstein] 50,000 [catheters] over eighteen months shipped non-sterile in bulk" (Compl. at ¶ 25) and three confidentiality agreements (Compl. at ¶¶ 15, 16, 21).  Epstein alleges Bard breached this "contractual relationship" when "Gary Teague and or (sic) BUD caused the disclosure of Epstein's technology to a third party," (Compl. at ¶ 36).  This string of allegations fails to state a claim upon which relief can be granted.

Epstein does not state when the allegedly breached "contractual relationship" was formed, nor does he state the obligations of the parties other than that Bard was required to purchase 50,000 units from him over eighteen months.  (Compl. at ¶ 54) ("[T]here was no agreement other than to supply 50,000 units for an agreed unit cost").  To the extent Epstein alleges Bard breached an obligation generated by one of the confidentiality agreements included in the "contractual relationship," Epstein's complaint fails because it does not allege facts indicating:  (i) when the allegedly breached confidentiality agreement was formed – that is, which of the three (if any) of the confidentiality agreements covered the "technology" Epstein alleges Bard transferred to Futuremed; (ii) the duration of the allegedly breached agreement, and/or (iii) the terms of the allegedly breached agreement.

Nor does Epstein state facts alleging a breach of Bard's confidentiality obligations under its "contractual relationship" with Epstein.  That is, Epstein fails to state what information he shared with Bard pursuant to a confidentiality agreement, what made that shared information

- 7 -

"confidential," and/or what "confidential" information of Epstein's Bard transferred to Futuremed.  In short, Epstein's contract claims fail because his Complaint does not state with "substantial certainty the facts showing the existence of the contract and the legal effect thereof." *Doyle v. Hasbro, Inc.*, 103 F.3d at 194-95.

Because Epstein has failed to state a claim for breach of contract (Count One), he has necessarily failed to state a claim for breach of the covenant of good faith and fair dealing implied in that contract (Count Nine).  "A breach of the covenant of good faith and fair dealing exists only where there is an enforceable contract between the parties."  *Petricca v. City of Gardner*, 194 F. Supp. 2d 1, 5 (D. Mass. 2002) (allowing defendant's motion for judgment on the pleadings as to implied covenant claim where plaintiff "failed to allege or identify any enforceable contract between him and the [defendant].").

Counts One and Nine lack necessary elements.  This is fatal.  *See Stanley v. Neilen*, 2003 U.S. Dist. LEXIS 5400, *4-*7 (D. Mass. Mar. 31, 2003) (Zobel, J.) (allowing motion for judgment on the pleadings where, *inter alia*, plaintiff failed adequately to set forth the basis for his claim); *Horan v. United States*, 2002 U.S. Dist. LEXIS 56, *3-*4 (D. Mass. Jan. 4, 2002) (Zobel, J.) (allowing motion for judgment on the pleadings where plaintiff failed to "set forth facts sufficient to support a claim based on a violation of any contractual … right."); *Murray v. Goodill*, 2002 U.S. Dist. LEXIS 16278, *3-*4 (D. Mass. Aug. 29, 2002) (Zobel, J.) (allowing motion for judgment on the pleadings where the complaint lacked necessary elements); *Donovan v. Rurak*, 2002 U.S. Dist. LEXIS 7187, *7-*10 (D. Mass. Feb. 5, 2002) (Zobel, J.) (same).  Bard is entitled to judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, Bard is entitled to judgment on the pleadings as to Counts One and Nine of Epstein's Complaint.

DATED:  March 17, 2005

Respectfully Submitted,

/s/ Andrew Good
Andrew Good
BBO # 201240

/s/ Matthew Zisow
Matthew Zisow
BBO # 658726
GOOD & CORMIER
83 Atlantic Avenue
Boston, MA 02110
Tel. (617) 523-5933
Fax (617) 523-7554

Attorneys for C.R. Bard, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each attorney of record on March 17, 2005 by first-class mail.

/s/ Matthew Zisow
Matthew Zisow

Gary Lambert, Esq.
LAMBERT & ASSOCIATES
92 State Street, Suite 200
Boston, MA 02109