UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

05 MAR 31  P 1: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

|   |   |
|---|---|
| SCOTT M. EPSTEIN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 03 CV 12297 (RWZ) |
| C.R. BARD, INC., FUTUREMED INTERVENTIONAL, INC., and CROSSBOW VENTURES, INC. | ) |
| Defendants. | ) |

**PLAINTIFF EPSTEIN'S MEMORANDUM IN OPPOSITION TO DEFENDANT BARD'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Gary E. Lambert (BBO No.: 548303)
Patrick D. Archibald (BBO No.: 657757)
LAMBERT & ASSOCIATES
92 State Street
Boston, MA 02109-2004
Tel.: (617) 720-0091
Fax: (617) 227-0313

- 1 -

## INTRODUCTION

Plaintiff Scott M. Epstein (Epstein or Plaintiff) opposes Defendant C.R. BARD, Inc.'s (BARD) Motion for Judgment on the Pleadings as improvident and not permissible under the Federal Rules of Procedure. Counts I and IX of Epstein's Verified Complaint and Demand for Jury Trial include all necessary elements, and both Counts are sufficiently supported by the allegations put forth by the Complaint.

## ARGUMENT

**I.  BARD's Motion for Judgment on the Pleadings has in effect already been denied by this Court, and the motion is not permissible under the Federal Rules of Civil Procedure.**

The Court has previously ruled on this issue during the Scheduling Conference of August 18, 2004 (Conference). At the conference BARD orally presented an (Assented to) Motion to Amend BARD's Motion to Dismiss. Although Epstein in good faith assented to the motion, this Court denied the motion to amend based on the fact that BARD had already filed a Motion to Dismiss Counts 2-8 and 10 of Plaintiff's Complaint under Fed. R. Civ. P 12(b)(6). The Court stated that it would not entertain successive motions to dismiss for failure to state a claim. On March 17, 2005 BARD filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) for failure to state a claim upon which relief may be granted, ostensibly under the Preservation of Certain Defenses provision of Fed. R. Civ. P. 12(h)(2).

This Court's previous denial of BARD's first attempt to file successive motions for failure to state a claim is supported by the Federal Rules of Civil Procedure. The plain language of the Federal Rules of Civil Procedure prohibits BARD from filing a

Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), where that motion merely constitutes a successive Motion to Dismiss for Failure to State a Claim.

Fed. R. Civ. P. 12(g) provides that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Fed. R. Civ. P. 12(h)(2) constitutes an exception to the consolidation requirement of Rule 12(g) for three defenses, which include the defense of failing to state a claim upon which relief can be granted.

"The operation of Rule 12(h)(2) is relatively simple. The three defenses protected by the rule may be asserted by motion before serving a responsive pleading. Unlike the Rule 12(h)(1) defenses, however, if a party makes a preliminary motion under Rule 12 and *fails to include one* of the Rule 12(h)(2) objections, she has not waived it." (emphasis added) Wright & Miller, *Federal Practice and Procedure* § 1392 (1990).

BARD relies on *Silva v. Encyclopedia Brittanica Inc.* for support in filing its successive motion. However, a complete reading of *Silva v. Encyclopedia Brittanica Inc.* shows that BARD's reliance on it is misplaced. In *Silva*, defendant Brittanica initially filed a motion to dismiss for lack of subject matter jurisdiction. *Silva v. Encyclopedia Brittanica Inc.*, 239 F.3d 385, 387 (1st Cir. 2001). Silva objected to Brittanica's later filing of a motion to dismiss based on a forum-selection clause. *Id.* Characterizing the motion as one for failing to state a claim upon which relief can be granted, the court entertained the motion, pursuant to Fed. R. Civ. P. 12(h)(2), because Brittanica had failed to include the defense of failure to state a claim in its first motion. *Id.* at 387-88.

However, unlike the defendant in *Silva*, BARD did not omit a defense then available to it. To the contrary, BARD has previously filed a motion to dismiss for failure to state a claim upon which relief can be granted and is now attempting to file a successive motion for the same defense. The only failure BARD is now attempting to rectify is the fact that it did not move to dismiss Counts One and Nine in its initial Motion.

BARD also cites *Lane v. Ciccarelli* for the proposition that a defendant may seek dismissal for failure to state a claim at any stage in the proceeding. This proposition is not disputed, yet it offers BARD no relief insomuch as it relates to the filing at issue in the instant case. The plaintiff in *Lane* objected to the *timing* of the motion for dismissal for failure to state a claim. (emphasis added) *Lane v. Ciccareli*, 1982 U.S. Dist. LEXIS 16670, *2 at n.2 (D. Mass. Nov. 7, 1982). Although the defense of failure to state a claim may be brought at any time during trial, Fed. R. Civ. P. 12(h)(2) and the cases that interpret the rule do *not* stand for the proposition that there exists a right to successive failure to state a claim defenses, whether in the form of Rule 12(b)(6), 12(c), or 56 motions. *See Silva v. Encyclopedia Brittanica Inc.*, 239 F.3d 385 (1st Cir. 2001); *Lane v. Ciccareli*, 1982 U.S. Dist. LEXIS 16670, *2 at n.2 (D. Mass. Nov. 7, 1982); *Coyne v. City of Somerville*, 972 F.2d 440 (1st Cir. 1992).

Because BARD has not omitted or failed to include one of the three defenses preserved by Rule 12(h)(2), the Rule is inapplicable, and BARD can not now file yet another defense for failure to state a claim when it has already done so.

**II.    Should the Court reach the issue, Counts I and IX are neither time-barred, nor lack elements sufficient to warrant a judgment granting Bard's Motion for Judgment on the Pleadings.**

Although the Court may, and is urged to, deny Bard's Motion for Judgment on the Pleadings based on the arguments detailed in Section I above, Epstein has responded to Bard's arguments in order to provide the Court with a complete reply.

**A.    Neither Count I, Nor Count IX of Epstein's Complaint is Time-Barred.**

Plaintiff Epstein disputes that he has alleged that the contract at issue is governed by Article 2 of the Uniform Commercial Code (UCC). The complaint alleges a number of contract breaches, violation of the UCC being one "among others." (Compl. at 67). Regardless, the facts support the determination that the UCC does not govern the contract that existed between BARD and Epstein. The six year statute of limitations contained in Massachusetts General Laws chapter 260, section 2 (Section 2) governs Counts I and IX, as the scope of the UCC is limited to transactions in goods. *See American Glue & Resin, Inc. v. Air Products & Chemicals, Inc.*, 835 F.Supp. 36, 41 (D. Mass. 1993); M.G.L. ch. 106 § 2-102. Goods are defined as "all things (including specially manufactured goods) which are *movable* at the time of identification to the contract for sale," and this definition specifically excludes *future goods*. (emphasis added) M.G.L. ch. 106 § 2-105(1)-(2).

Epstein and BUD negotiated and reduced to writing a contract for the sale of future goods over an eighteen month period. (Compl. at 25). Accordingly, Epstein then began preparing to meet the obligations of the contract. (Compl. at 26). Because the contract was for future goods, and not goods previously existing and identified, the six

year statutory limitation period of Section 2 governs. This Court has concluded that Epstein was on notice, and the cause of action accrued, by October 10, 1999. (Memo. of Decision at 5). Consequently, although Epstein disputes that he was on notice with respect to BARD's breach of contract as of October 10, 1999, neither Count I, nor Count IX is time-barred because the present action was commenced prior to the time-bar date of October 10, 2005.

**B.    The Complaint alleges facts sufficient to warrant denial of Bard's Motion for Judgment on the Pleadings.**

(1) Standard of Review

"The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Moghaddam v. Dunkin' Donuts, Inc.*, 295 F. Supp. 2d 136, 138 (D. Mass. 2003). "In considering a motion to dismiss, a court must take the allegations in the non-moving party's pleading as true, and must make all reasonable inferences in favor of the non-moving party." *Id.* Additionally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, "a court's inquiry is a limited one, focusing not on whether the plaintiff will ultimately prevail but on whether the plaintiff should be entitled to offer evidence to support a claim." *Canty v. Old Rochester Reg'l Sch. Dist.*, 54 F.Supp. 2d 66, 68 (D.Mass.1999). "Great specificity is ordinarily not required to survive a Rule 12(b)(6) motion." *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir. 1992). Rather, "it is enough for a plaintiff to sketch an actionable claim by means of 'a

generalized statement of facts from which the defendant will be able to frame a responsive pleading.'" *Id.* (quoting Wright & Miller, *Federal Practice and Procedure* § 1357 (1990)).

(2) Count I alleges sufficient facts to state a contract claim upon which relief can be granted.

"Under the law of Massachusetts, to state a claim for breach of contract, 'a plaintiff must allege, at a minimum, that there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage.'" *Moghaddam v. Dunkin' Donuts, Inc.*, 295 F. Supp. 2d 136, 139 (D. Mass. 2003) (quoting *Guckenberger v. Boston Univ.*, 957 F.Supp. 306, 316-17 (D.Mass.1997)).

In *Doyle v. Hasbro, Inc.* the First Circuit affirmed dismissal of a contract claim because the complaint was grossly inadequate. *Doyle v. Hasbro, Inc.*, 103 F.3d 186 (1st Cir. 1996). As set forth by the court, the deficiencies inherent in the plaintiff's amended complaint were numerous:

> The amended complaint fails to state the nature of the alleged contract with any specificity. There is no presentation of the terms of a contract, its duration, or even when it was formed. Nor does the Amended Complaint explain what obligations were imposed on each of the parties by the alleged contract. It does not plead that plaintiffs were ready to perform under the contract or that the defendants' breach prevented them from performing, and it does not identify the damages attributable to the breach.

*Id.* at 195.

Although Epstein's Complaint lacks some of the specificity required to regard it as a perfectly pleaded complaint, it is nevertheless a sufficiently pleaded complaint. For example, unlike the deficiencies noted by the First Circuit Court in *Doyle*, Epstein's

complaint alleges the duration of the contract: eighteen months. (Compl. at 25). Epstein's complaint also specifies the quantity of goods to be produced over the contract term: 50,000 units. (Compl. at 25). Nor is Epstein's complaint ambiguous as to the obligations of the parties: Epstein was obligated to produce and supply BARD's Urology Division (BUD) with 50,000 multi-durometer, Soft Tip SME prototype catheters; and BUD was obligated to purchase the catheters at a purchase price of $3.50 per catheter. (Compl. at 25). Additionally, the contract was reduced to writing, (Compl. at 25), indicating that the offer was accepted; and the promise to perform by both parties constituted valid consideration in support thereof.

Having established the existence of a contract, the complaint further alleges that Epstein made efforts to meet his obligations under the contract, but was informed by BUD that it had decided to discontinue the product line. (Compl. at 37). This act constitutes BUD's breach of the contract it had formed with Epstein. The complaint also alleges that Epstein suffered damages as a direct result of BUD's breach, including the expenses incurred as a result of increasing production capability in light of the contract with BUD, (Compl. at 26), in addition to the lost minimum contract amount of $175,000.00 (50,000 units at $3.50 per unit) agreed to by BUD. (Compl. at 25). Although more difficult to calculate at this stage of the proceedings, expectancy damages in the form of lost future sales are also alleged as a result of BUD's disclosure of Epstein's technology to a third-party supplier, from whom BUD purchased catheters embodying Epstein's proprietary technology. (Compl. at 38, 41, 46 and 47).

The facts alleged by plaintiff Epstein therefore support a finding that (1) a valid contract was formed between Epstein and Bard; (2) that Bard breached its duties under

the contract; and (3) that Epstein suffered damages as a result of that breach. Consequently, taking the allegations in Epstein's complaint as true, and making all reasonable inferences in Epstein's favor, it can not be rightly said that it appears beyond doubt that Epstein can prove no set of facts in support of his claim which would entitle him to relief.

### (3) The existence of a contract is sufficient to warrant a denial of BARD's Motion as to Count IX

Massachusetts law implies a duty of good faith and fair dealing in every contract. *Moghaddam v. Dunkin' Donuts, Inc.*, 295 F. Supp. 2d 136, 139 (D. Mass. 2003). BARD has argued that there must be a contract between the parties in order for a breach of the covenant of good faith and fair dealing to exist. (Mot. at 8). Therefore, with a finding that a contract exists, BARD essentially acquiesces to the denial of its Motion for Judgment on the Pleadings with regard to Count IX. As a result, BARD's motion with respect to Count IX must be denied because the facts alleged by Epstein support, at a minimum, the inference that a valid contract existed between BARD and Epstein; and that contract necessarily carries with it the duty of good faith and fair dealing.

## CONCLUSION

For the foregoing reasons, BARD's motion for judgment on the pleadings as to Counts I and IX of the complaint should be denied.

In the alternative, Plaintiff requests an Extension of Time for his reply in order to allow Plaintiff to amend the Complaint.

DATED: March 31, 2005

                                        Respectfully Submitted,

                                        SCOTT M. EPSTEIN

                                        By his counsel,

                                        Gary E. Lambert
                                        BBO No.: 548303

                                        Patrick D. Archibald
                                        BBO No.: 657757
                                        LAMBERT & ASSOCIATES
                                        92 State Street
                                        Boston, MA 02109-2004
                                        Tel.: (617) 720-0091
                                        Fax: (617) 227-0313

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all the attorneys of record on March 31, 2005 by First Class Mail, Postage Pre-Paid to:

Attorney Michael Albert
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210

Attorney Andrew Good
Good & Cormier
83 Atlantic Avenue
Boston, MA 02110

Attorney Samuel Levy
Wuersch & Gering LLP
11 Hanover Square, 19th Floor
New York, NY 10005


Patrick D. Archibald, (BBO No.: 657757)