UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12297-RWZ

SCOTT M. EPSTEIN

v.

C.R. BARD, INC.

MEMORANDUM OF DECISION

November 8, 2005

ZOBEL, D.J.

    Plaintiff Scott Epstein designed innovative catheters and negotiated the sale of 50,000 of them to defendant C.R. Bard, Inc., over 18 months at the price of $3.50 per catheter.  (See Compl. ¶ 25).  Subsequently, defendant allegedly disclosed plaintiff's design to an outside vendor and canceled its order from plaintiff.  Plaintiff sued on a variety of claims, and defendant successfully moved to dismiss eight of the ten counts in the complaint.  (See Compl. ¶¶ 37-38).  The remaining Counts 1 and 9 assert breach of contract and the implied covenant of good faith and fair dealing.  Defendant now moves for judgment on the pleadings with respect to these two counts on statute of limitations grounds, as well as failure to allege all necessary elements of the claims.  Plaintiff opposes.

    The parties agree that whether the statute of limitations has run on plaintiff's claims depends on whether the contractual relationship is governed by the Uniform Commercial Code (the "UCC"), as urged by defendant, or by state statute governing

contract actions, as recommended by plaintiff.  See Mass. Gen. Laws ch. 106 § 2-725; id. at ch. 260 § 2.  The UCC requires that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued," whereas the contract statute would provide a six-year limitation period.  Id.

"Article 2 of the UCC applies to all 'transactions in goods.'"  Neuhoff v. Marvin Lumber and Cedar Co., 370 F.3d 197, 205 (1st Cir. 2004).  The term "goods" refers to "all things . . . which are movable at the time of identification to the contract for sale...."  Mass. Gen. Laws ch. 106 §§ 2-102.  Defendant asserts that the sale of catheters constitutes a transaction in goods through a contract for sale.  Plaintiff, on the other hand, argues that the sale involves future goods, meaning "[g]oods which are not both existing and identified . . . ," and thus does not amount to a transaction in goods.  Mass. Gen. Laws ch. 106 §§ 2-102, 2-105.  However, plaintiff fails to reconcile his position with the full statutory provision regarding future goods:

> Goods must be both existing and identified before any interest in them can pass.  Goods which are not both existing and identified are "future" goods.  A purported present sale of future goods or of any interest therein operates as a contract to sell.

Id. (emphasis added).  Moreover, the UCC defines "contract for sale" to include "both a present sale of goods and a contract to sell goods at a future time."  Mass. Gen. Laws ch. 106 § 2-106.  In other words, the plain language of the UCC characterizes sales of future goods as contracts for sale and, thus, "transactions in goods" within the scope of UCC governance, and plaintiff offers no competing authority to this straightforward interpretation.  As a result, the contract for plaintiff to sell future catheters constitutes a

transaction in goods covered by the UCC and is subject to the four-year statute of limitations that applies to "breach of any contract for sale." Mass. Gen. Laws ch. 106 § 2-725. Plaintiff's claims in Counts 1 and 9 are, therefore, both time-barred.

Defendant's successful motion notwithstanding, the court reiterates its displeasure at defendant's filing of serial dispositive motions in contravention of the court's earlier instructions and emphasizes that it reviewed the instant motion only in the interest of efficiency for all parties.

Accordingly, defendant's motion for judgment on the pleadings (#49 on the docket) is allowed, and judgment may be entered dismissing the Complaint.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |